1
2
3
4
5
6
7   UNITED STATES DISTRICT COURT
8   NORTHERN DISTRICT OF CALIFORNIA
9
10
11  MICHAEL MIROYAN,                         Case No. 19-cv-03626-NC
        Plaintiff,
12                                           **ORDER TO SHOW CAUSE RE:
        v.                                   SUBJECT MATTER
13                                           JURISDICTION**
    TAE KAI, et al.,
14
        Defendants.
15
16
17      On June 21, 2019, plaintiff Michael Miroyan filed this lawsuit alleging that
18  Defendants conspired to defraud him, interfere with his business, and violate his civil
19  rights. *See* Dkt. No. 1. Pending before the Court is Defendants' motion to dismiss for lack
20  of subject matter jurisdiction and failure to meet pleading standards. *See* Dkt. No. 6.
21      Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life*
22  *Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). They may only exercise authority over cases
23  and controversies authorized by the U.S. Constitution or Congress. *Id.* Subject matter
24  jurisdiction allows a court to render judgments over the claims in the case. *See Stoll v.*
25  *Gottlieb*, 305 U.S. 165, 171 (1938). Jurisdiction is the court's power to hear the case, a
26  separate issue from whether the plaintiffs' allegations entitle them to relief. *Morrison v.*
27  *Nat'l Australia Bank Ltd.*, 561 U.S. 247, 254 (2010). If a federal court lacks subject matter
28  jurisdiction, it must dismiss the entire complaint. *See* Fed. R. Civ. P. 12(h)(3).

There are two primary forms for subject matter jurisdiction: federal question and diversity. "Federal question" jurisdiction refers to the federal district court's original jurisdiction over all civil actions which arise under the Constitution or federal law. *See* 28 U.S.C. § 1331. If federal question jurisdiction is established, the federal district court may also assert "supplemental" jurisdiction over related state law claims. *See* 28 U.S.C. § 1367. "Diversity" jurisdiction requires that (1) the amount in controversy exceed $75,000, and (2) parties be citizens of different states. 28 U.S.C. § 1332(a). When neither of these forms of jurisdiction apply, a case must be brought in state court not federal court.

Miroyan's complaint does not clearly identify the grounds for the court's jurisdiction. The Federal Rules of Civil Procedure requires all complaints to provide "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a). Thus, Miroyan must show cause why his case should not be dismissed for lack of subject matter jurisdiction. Miroyan must file his response by **August 9, 2019**, or the Court will recommend dismissal of this lawsuit.

The Court directs Miroyan to the Federal Pro Se Program, which provides free information and limited-scope legal advice to pro se litigants in federal civil cases. The Federal Pro Se Program is located in Room 2070 in the San Jose United States Courthouse, and is available by appointment Monday to Thursday 9:00 a.m.–4:00 p.m. The Program can also be reached by calling (408) 297-1480.

**IT IS SO ORDERED.**

Dated: July 18, 2019

_____
NATHANAEL M. COUSINS
United States Magistrate Judge