UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL MIROYAN,

    Plaintiff,

v.

TAE KAI, et al.,

    Defendants.

Case No. 3:19-cv-03626-WHO

**ORDER DISMISSING COMPLAINT**

Re: Dkt. Nos. 6, 13, 16

On June 21, 2019, pro se plaintiff Michael Miroyan filed suit in this Court alleging that various defendants conspired against him. Complaint ("Compl.") [Dkt. No. 1]. He has not filed proof of service of the complaint. On July 18, 2019, U.S. Magistrate Judge Nathaniel M. Cousins ordered Miroyan to show cause why the case should not be dismissed for lack of federal subject matter jurisdiction. Order to Show Cause [Dkt. No. 8]. Miroyan then declined magistrate judge jurisdiction, and the case was reassigned to me. Before me now are motions to dismiss by defendants Kenneth Kai, Tae Kai, and Wayne Silver, along with Miroyan's motion for a temporary restraining order.[1] *See* Dkt. Nos. 6, 13, 16. Miroyan failed to appear at the hearing on September 11, 2019. Dkt. No. 21.

It appears that I do not have jurisdiction over this case. *See* Order to Show Cause. Mioryan primarily pleads state law claims, and the complaint itself makes clear that there is no diversity jurisdiction. *See* Compl. 2, 8 (pleading that both Miroyan and some defendants live in California). Neither does the complaint provide a basis for federal question jurisdiction. Miroyan's only federal claims appear to be against Judge Robert D.S. Kim of the Third Circuit in

---

[1] I declined to hear Miroyan's motion for a temporary restraining order an expedited basis because he had made no showing of irreparable harm. Dkt. No. 17.

Hawaii, but those claims are inadequate in three respects. First, there is no evidence in the docket that Judge Kim has been served. Second, the claims are inadequately pleaded; Miroyan asserts that Judge Kim committed Section 1983 and constitutional violations but provides no facts to support those claims.[2]

Third, based on the facts pleaded in the complaint, any allegations against Judge Kim seem to stem directly from actions he took in his judicial capacity in the case between Miroyan and the Kais in Hawaii state court. *See* Compl. 11 (referencing 15-0164 Kai v. LR, LLC/Miroyan). Miroyan alleges that Judge Kim has "done everything he can to prevent Miroyan from even having access to the Courts, let alone a fair day in court." Compl. 9-11. He says that Kim has joined the other defendants' conspiracy against him, no one will touch his case because he has been "blacklisted," and Kim has held hearings outside Miroyan's presence. *Id.*

To the extent that these claims are based on actions Judge Kim took in his judicial capacity, judicial immunity is a complete bar. Judicial immunity protects judges from suit, not merely an adverse judgment. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). It can be overcome in two circumstances: where the suit stems from nonjudicial actions or where it stems from judicial actions taken "in the complete absence of all jurisdiction." *Id.* at 11–12. "[A]llegations of bad faith or malice" are not sufficient. *Id.* at 11. It appears that all of the claims against Judge Kim arise from the case between the parties in Hawaii state court, which Judge Kim is presumably overseeing.

Without a well-pleaded federal claim, I have no jurisdiction to hear the state law claims against the remaining defendants. Accordingly, the pending motions to dismiss are GRANTED. Given Miroyan's absence from the hearing, I was not able to ask him whether he can allege additional facts to plead a federal claim in a way that could avoid the application of judicial immunity. Because Miroyan is representing himself, I will give him the opportunity to amend his complaint. No later than **October 2, 2019, Miroyan is ORDERED to file an amended**

---

[2] Miroyan concedes as much: "The litany of allegations against Robert Kim, whom Miroyan is suing in his individual as well as official capacity, cannot all be delineated here but will be in the first amended complaint." Compl. 10.

2

1 **complaint** that properly pleads a basis for federal jurisdiction.[3]  If he fails to do so, or if his
2 amended complaint is inadequate to establish federal jurisdiction, I will dismiss this case with
3 prejudice.  The defendants do not need to respond to the amended complaint until I have reviewed
4 it and ordered a response.  The motion for a temporary restraining order is DENIED.

**IT IS SO ORDERED.**

Dated: September 11, 2019



William H. Orrick
United States District Judge

---

[3] Although this Order does not address the adequacy of Miroyan's state law claims, if this case proceeds he will be obligated to plead those claims adequately as well.

3