UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MIROYAN,<br>　　　　Plaintiff,<br>　　v.<br>TAE KAI, et al.,<br>　　　　Defendants. | Case No. 3:19-cv-03626-WHO<br><br>**ORDER DISMISSING CASE**<br>Re: Dkt. No. 27 |

On September 11, 2019, I dismissed pro se plaintiff Michael Miroyan's complaint for lack of federal subject matter jurisdiction.[1] Dkt. No. 22. Miroyan pleaded federal claims against Judge Robert D.S. Kim of the Third Circuit in Hawaii, but there was no evidence in the docket that Judge Kim had been served, Miroyan had alleged no facts to support the claims, and the claims seemed to be barred. The remaining claims were based in state law, and in the clear absence of diversity jurisdiction,[2] I lacked jurisdiction over them. In that Order, I gave Miroyan until October 2, 2019 to file a first amended complaint. On October 1, Miroyan requested additional time to amend; I granted his request in part and gave him until October 16 to file an amended complaint.[3] *See* Dkt. Nos. 23, 24.

On October 15, 2019, Miroyan filed several documents. *See* Dkt. Nos. 27, 28, 29. One is titled, "Motion to extend time due to change of circumstances for an additional 14 days to have

---

[1] Miroyan failed to appear at the hearing that day.

[2] The complaint pleads that both Miroyan and some defendants live in California. *See* Dkt. No. 1 at 2, 8.

[3] He also appeared, unscheduled, at my Case Management Conference calendar that day; I advised him that I had granted him a two-week extension along with permission to file electronically. Dkt. No. 26.

Plaintiff file the first amended complaint, w/ the order attached." Dkt. No. 27. Miroyan wrote that he needed more time to draft the complaint detailing a complicated dispute that has been going on for years. He complained that Judge Kim should have stepped down from the Hawaii case and that he signed a secret order without informing Miroyan. According to Miroyan, "outrageous crimes" have been committed against him in state court in Hawaii, and "this Court or the Ninth Circuit must delay [Judge Kim] because the guy has to withstand scrutiny and he cannot." *Id.* at 3. Miroyan also attached a foreclosure judgment in Hawaii case along with an email he sent to an address associated with the Hawaii state courts.[4] Dkt. No. 28.

I will dismiss Miroyan's case with prejudice for four reasons. First, I already denied the request that Miroyan made in his most recent filings; in his earlier request, he also asked for a November 1 deadline to file an amended complaint, and I ordered that he do so by October 16. Despite his contention that there was a "change of circumstances," Miroyan has presented no reasons why I should reconsider that decision.

Second, I am not persuaded by Miroyan's assertion that he needs more time to lay out the complicated facts of his case. Miroyan is the plaintiff. Even in his original complaint, filed on June 21, 2019, he wrote, "The litany of allegations against Robert Kim, whom Miroyan is suing in his individual as well as official capacity, cannot all be delineated here but will be in the first amended complaint." Dkt. No. 1 at 10. Accordingly, Miroyan has been aware from the beginning that his claims against Judge Kim would require more factual support, and he has had more than four months to develop a complaint that properly lays out those allegations.

Third, as of the date of this Order—later than that of his requested extension—Miroyan has not filed an amended complaint.

Finally, and most importantly, Miroyan's filings—most notably the judgment from the Hawaii case—make it abundantly clear that he is seeking federal court intervention into decisions made by a state court judge in a state court case. *See* Dkt. No. 27 at 3 ("This Court or the Ninth

---

[4] Miroyan also included a notice to the Clerk where he writes that he has "dropped" his urgent request for two more weeks to file an amended complaint. Dkt. No. 29. Based on the other filings, Miroyan meant that he dropped *off* the documents at the Clerk's Office.

2

Circuit must delay [Judge Kim] because the guy has to withstand scrutiny and he cannot."). The *Rooker-Feldman* doctrine bars such actions. *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004) (noting that the *Rooker-Feldman* doctrine bars federal district courts "from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment"); *Henrichs v. Valley View Dev.*, 474 F.3d 609, 616 (9th Cir. 2007) (holding that *Rooker-Feldman* barred a claim that "would require the district court to determine that the state court's decision was wrong and thus void"). In addition, in none of his filings does Miroyan allege any facts showing that Judge Kim either took nonjudicial actions or took judicial actions "in the complete absence of all jurisdiction" in order to overcome the judicial immunity bar. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).

By failing to amend his complaint in the nearly two months since my Order, Miroyan has failed to prosecute his case as required by Federal Rule of Civil Procedure 41(b). His filings, which fail to provide a basis for federal jurisdiction, instead show that his claims against Judge Kim are barred. For all of these reasons, this case is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: November 5, 2019


William H. Orrick
United States District Judge

3